FILED
FEB 0 1 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

Jose Luis Saveedra Flores
Prose Petitioner

v.

BobbyLumpkin Director
Texas Dept. Criminal
Justice Correctional
Institutional Div. Respondent

§
§
§
§
§
§
§
§
§
§

CIVIL ACTION NO. _____

SA24CA0115FB

PETITION FOR FEDERAL WRIT OF HABEAS CORPUS
28 U.S.C. § 2241(a) 2241(c)(3)

TO THE HONORABLE (ARTICAL III) JUDGE OF SAID COURT:

Comes now, Jose Luis Saavedra Flores. Proceeding Pro se, herein style Petitioner in the above caption, numbered and style civil action move this court to issue federal habeas corpus. Pursuant to 28 USC § 2241(a) 2241(c)(3), thereby providing a petitioner a platform for both, the redress of grievances protected by the first Amendment, and for the vindication of rights secured under the United States Constitution and federal laws, and for civil violations under the human rights act 42 USC § 1981(a)(b), 42 USC § 1981(c); see Patterson v. McLean Credit Union, 441 US 164, 177; 109 Sct. 2363(1989).

### REQUEST FOR ARTICLE III PRELIMINARY REVIEW

Petitioner request plenary consideration, and review of his federal habeas petition, style pursuant 28 USC § 2241(a), 2241(c)(3), raising Constitutional Violations under both, the sixth, and fourteenth amendments to The United States Constitution, in-

itially by the Article III Judge, see Thomas v. Aru 474 US at 153 106 Sct. at 474; Peretz v. US. 501 US. at 949; see also Schor, 478 US. at 848,106 Sct. 3245 (citing Ruddatz, 447 US 667; 100 Sct. 2406 and Gomez, 490 US. 864,872; 109 Sct.2237) and to decide the the constitutional merits of the habeas petition as law and justice requires. 28 USC § 2243

## PRELIMINARY STATEMENTS

This   This petition conforms to Fed. Crim. Code and rules; rule 2 (a)(c) Petitions. Federal habeas corpus proceeding, Pursuant to 28 USC § 2241 [i]s a "Civil action", and not a step in the criminal case resulting in the conviction, see eg.. HEFLIN v. US 358 US 415; 79 Sct. 451 (1959); Riddle v. Dyche 262 US 333 (1923); Ex parte Tong. 108 US. 556; Browder v. Dir. Dept. of Corr. of Illinois 445 US 257; 98 Sct. 556 (1978). (accorded) Whaley v. US. 100 Sct. 1432; 445 US. 684(1980). Moreover, § 2241 (a), Provide this Court, and individual district court judges with exclusive authority to issue the writ of habeas corpus see in re McDonald, (1861 E.D. Mo) 16F.Cus.17, No.8751; In re. Fitton,(1891, C.C.D.vt.)45 F 471; also § 2241(c)(1)invest federal courts with [a]uthority via writ of habeas corpus, to [i]nquire into legalty of detention /incarceration of [a]ny person[s] see In re Greathouse (1864,CC.N D cal.)2 Abb 382; 4 Sawy 487; 10 F. Cas.1057, No.5741; In re.Martin( 1866 C.C.S.D. NY.) 5 Blatchf 303; 16 F. Cas 875, No. 9151; see also US.ex rel. standing Bear v. Crook, (1879, C.C.D.Neb.)5 Dill 453, 25 F. Cas. 695, No. 14891.

## STATEMENT ON THE JURISDICTION OF FEDERAL HABEAS CORPUS PURSUANT TO 28 USC § 2241

Proceedings Under 28 USC § 2241 [i]s a "Civil Action" and not a step in the criminal[case] resulting in the conviction. See Heflin v. US. 358 US. 415; 79 Sct. 451 (1959), Riddle v. Dyche, 262 US. 333 (1923); Ex Parte Tom Tong,108 US 556; see also Browder v. Dir.Dept. Of Corr. of Illinois, 434 US 257; 95 Sct. 1432 (1980).

In support of his petition for federal habeas relief, Petitioner will show clear and convincing evidence that ; (1) Respondent does not have lawful custody of petitioner; (2) that his custody violates the sixth, thirteenth, and fourteenth, amendments to the United States Constitution, and its federal laws; and that,(3) he will continue to be irreparably injured without immediate relief from the court, releasing him from allphysical imprisonment to wit;

## JURISDICTION

Jurisdiction is provided pursuant to 28 USC § 2241(b), whereas, [a] § 2254 petition may be filed [o]nly in the district of the petitioner incarcerated. see Reyes- Requena v. US. 243 F3rd. at 906(5th Cir 2000); (accord) In re Daven Port, 147 F3d. 607 (7 Cir. 1998). Petitioner is incarcerated within this courts jurisdiction of Anderson County TX.

## AUTHORITY

The court authority to issue federal writ of habeas corpus, is expressly confirmed in the "All Writ Act", pursuant to 28 USC §

§ 1651, 2241(a)

## ISSUES FOR REVIEW AND DETERMINATION
## ON THEIR MERITS

Petitioner hereby advise the court to take judicial notice that he is challenging [o]nly whether he was afforded Due Process during Rule 11 Plea Colloquy.

(A) Rule 11 Governing plea agreements
(B) Ineffective assistance of counsel

## PETITIONER CONSTITUTIONAL CONTENTIONS THAT
## VIOLATES BOTH ,FEDERAL AND CIVIL LAW

## ISSUE NUMBER(1) RULE 11 GOVERNING GUILTY
## PLEAS

In the following numerated Order, Petitioner contends that;

(a) the trial court did not properly appraise,(on the record) Petitioner of the true nature of the charge to which he entered a plea of guilty, see, [Respondents answer with Brief in support pg 11]

(b) the trial court did not properly appraise him on the record of any mandatory, minimum sentence he could have received based up -on the nature of his plea see [respondents answer with brief in support,pg 11]

(c) the trial court did not properly appraise him on the record of the consequence of pleading guilty,see [Respondent answer with Brief in support, pg. 10]

(d) his guilty plea was not entered voluntarily because the trial court failed to determine, on the record, that he had a proper

and complete understandingof the nature and relevant laws of the charge offense. see [Respondents answer with Brief in support pg. 10-11]

(e) He was prejudiced because the trial court failed to determine prior to accepting his guilty plea, that there was a sufficient factual basis for the plea where the evidence firmly shows that the charge for which petitioner was convicted, failed to show that the alleged victim was penetrated, see [Respondents answer with Brief in support, pg 11]

(f) His plea was not voluntarily, knowingly, and intelligently enter, because the trial court failed to ensure that he had a complete understanding of the elements of the charge offense to which he plead guilty.see [Respondents anwer with Brief in support case:4:17-cv-556-4, page11]

(g) The trial court failed to answer petitioner and ask him if he wishes to make a statement on his behalf, or present[a]ny mitigating information, see [states Response to application for writ of habeas, page 9, filed January 5, 2017]

(h) The trial court denied petitioner right to an adequate, effective and meaningful access to the courts, where he was denied the purchase of his trial transcriptsof the plea proceedings and (PSR)Pre-sentencing reportpertaining to this case, and pretinent for preparing a collateral attack on his guilty plea see [Opinion and Order, page 4]

ISSUE No (2) INEFFECTIVE ASSISTANCE
OF COUNSEL

Likewise in the following numerated order. Petitioner contends that:

(1) Trial counsel provided constitutionally ineffective assistance of counsel at plea agreement stage by improperly advising him, whom counsel knew to be innocent, to plea guilty foregoing a factual evidentuary basis defense, and entering a plea agreement that does not comport with basic contract law, thereby depriving petitioner of his civil rights set out in 42USC § 1981.

(2) trial counsel provided constitutionally ineffective assistance by failing to objectto the courts plain error of accepting a guilty plea of an innodefendent, without establishing and or determining on the record a factual basis for the plea. see[ Respondant answer with Brief in support,pg 11

(3) trial counsel avoided constitutionally ineffective assistance by failing to investigate lack of medical evidence to support sexual abuse allegations,see [ states response to application for writ of habeas corpus Exibit J. Medical records affidavit]

## ARGUMENTS AND AUTHORITIES RULE 11
### GOVERNING GUILTY PLEAS

For revelancy, Under Rule 11 (b)(1), [b]efore a guilty plea is [a]ccepted, a judge [m]ust address a defendant personally in open court to inform him of and determine that he understands; (1) the right to a jury trial.see Fed.R. Crim. Proc.11(b)(1)(c); see also Duncan v. La. 391 Us.145, 153 (1968); US. Const. Amend. VI, US. Const. Art. 111 52, cl. 3 (accord) Frank v. US. 395 US. 147, 150(1969); citing Baldwin v. NY. 399 US 66,69 (1970); Blayton v. Las vegas, 489 US 538, 556 (1989); (2) The Natureof the ch-

of the charge to which the defendant is pleading.see Fed. R. Crim Proc. 11(b)(1)(g); see also US. v. Medina-Silverio, 30 F3d 1,3-4 (1st Cir1994); US. v. Blackwell, 199 F3rd. 623 ,625(2nd Cir. 1999 ); US. v. Davis, 184 F3d. 366, 372 ( 4th Cir 1999)(accord) US. v. Suarez, 155 F3d 521 , 525(5th Cir. 1999);  Citing McCarthy v. US, 394 US 459, 467(1968), see [Respondants answer with Brief in support, pg 11], and (3)[B]efore accepting the defendants pleas, the court [m]ust determine that there "is" a factual basis for the plea, see Fed R. Crim.Proc.11(b)(3); see also, McCarthy, 394 US. 459, 467(1969). [A]n adequate factual basis for a guilty plea, [m]ust be established "only" for the [elements] of a substantive criminal offense. see, Libret v. US. 516 US. 29,37 (1995), see[Respondants answer with Brief in support.pg11] The courts ultimate failure in failing to inform petitioner of the true nature(elments) of the charge; coupled with well established ruling. The courts failure to prove beyond a reasonable doubt that the victim had been penetrated, see Davis v. State.(1875)43 Tex. 189; word v State, (1882) 12 Tex.163; 11 SW. 106: Rogers v. State(1892) 30 Tex. Crim. 510: 17 SW, 1077;(accord) Flannery v. State, (1938) 13 5 Tex. Crim.235; 117 SW 2d 11 11; was an adequate factual basis for accepting guilty plea see, case(s): US. v. Andrades, 169 F3d 131, 136(2d Cir.1999); US. Brown 331 F3d. 595 (8thCir 2003) As ] such petitioner claim is reviewable Under structural error.see US v. Audrades , 169 F3d 131,136(2d Cir 1999)("reversing for failing to determine whether defendant understood[nature] of charge without determining whether such an error is subject to harmless error review") (Accorded), US. v. Telemaque,244 F3d 1247,1249(11 th Cir 2001); US v. Dewalt, 92 F3d 1209,1215 (DC. Cir 1996)(Citing McCarthy, 394 US 459,467(1969).

Furthermore, failure to properly advise a defendant of likely consequences of pleasing guilty, may invalidate a plea if not done in open court, on the record. see e.g., Von Moltke v. Gillies, 332 US.708 724 (1948); Kerchevel v. US 274 US. 220, 223(1927) Munich v. US. 337 F2d 356(9th Cir1964); Pilkington v. US. 315 F2d. 204(4th Cir 1963); Smith v. US.324 F2d. 436(DC. Cir1963); but cf. Marvel v. US , 335 F2d.101 (5th Cir. 1964). (accord). US. v. Littlejohn. 224 F3d. 960,969 (9th Cir. 2000). Likewise, Petioner had a substantial right to know statutory maximum and minimum terms applicable. US v Tydale, 209 F3d 1292, 1295(11th Cir.2000) The court failure to properly inform a defendant has held to require reversal. see US v. Fernandez 205 F3d. 1020, 1028(7th Cir.2000), US. v. Coscarelli, 105 F3d. 984,990-91 (5th Cir. 1997)

Nonetheless, failure to fully adhere to the procedure provided for rule 11 requires that a conviction be reversed citing McCarthy,394 US. 459 (1969) (accorded) Us. v. Boone, 543 F2d. 1090 (4th Cir 1976) and in the context, any reliance by the court on the Rule 52(a) harmless error Concept, or.F.R. Crim. P. 11(h) "must be rejected". US.v Journet. 544 F2d 633(2nd Cir1976). Non compliance are reviewed under both,plain, and structural error.. see. US. v. Martinez, 227 f3d. 517.530 (4th Cir2002), US.v. Barton. 257 F3d. 433, 439 (5th Cir. 2001); Structural error require (reversing for failing to determine whether(a) defendant understood nature of charge without determning whether such error is subject to harmless error review) see.e.g. US. v. Andrades 169 F3d. 131, 136 (2nd Cir. 1999); US. v. Telemaque, 244 F3d. 1247, 1249 (11th Cir. 2001). In conclusion, "[a] court's deviation from a

legal rule constitutes error, see: US. v. Wolfe, 245 F3d. 257, 261 (3rd Cir 2001) that will(under plain error review) be corrected only if clear or obvious. see Olano, 507 US. at 732-33; US v. Avants, 367 F3d.433,443 (5th Cir. 2004)(accord) US v. Morgan, 384 F3d. 1,8 (1st.Cir.2004)

## ARGUMENTS AND AUTHORITIES INEFFECTIVE ASSISTANCE OF COUNSEL

The sixth Amendment guarantees the right to effective assistance of counsel in criminal prosecutions. see McMann v. Richardson, 397 US. 759,771(1970). This right to effective assistance [a]pplies to both, retained and court appointed counsel see Cuyler v. Sullivan, 446 US.335,344-45(1980). District courts review claims of ineffective assistance, based on guilty pleas, rendered with the advise of counsel, under McMann V. Richardson, supra at 770-771, in Childress v. Johnson, 603 F3d. 1221, (5th Cir.1997), the courts stressed in applying the supreme court's teaching that, one of the [m]ost precious applications of the sixth amendment, may well be in affording counsel to ["a]dvise" a defendant concerning whether he should enter a guilty plea. see, Reed v.US., 354 F2d. 227,229(5th Cir 1965); citing Davis v. Us., 376 F2d. 535, 537(5th Cir. 1967), see also, Goodwin v. Smith, 434 F2d. 1180, 1182 (5th. 1971), Davis v. Holman, 354 F2d. 773,776(5th Cir.1965), cert. denied, 384, US. 907;(1966)(accorded) Harvey v. Miss. 340 F2d 263 269 (5th Cir. 1965). Permited that Petitioner is entitled to a de novo review, the court should find that; (a) not only did counsel-s performance fell below an objective standard of reasonableness see strickland, 466 US. at 690, the court should also conclude that

at , because neither counsel nor trial court Judge properly informed petioner of the true nature, and elements of the offense/ charges, see [respondents answer with Brief in support, pg. 11], his plea is involuntary, see, Henderson v. Morgan, 426 US.637, 96 Sct. 2253(1976), and violates due process, see Bowsley v. US, 523 US. 612; 118 Sct. 1604(1998).

(b) The court should find further that miscarriage of Justice will occur if the court fails to consider evidence that both, the prosecutor and defense counsel failed to apprise him(on the record) of "Penetration" a necessary element of sexual assault, see Word v. state, 12 Tex. 163; 11Sw 106: Rogers v. state, 30 Tex. Crim. 510; 17 SW. 1077; (accord). see also Flannery v. state 135 Tex. Crim. 235; 117 sw 2d 1111. Federal habeas courts have allowed withdrawl of guilty pleas, see.US v. Gobert, 139 F3d 436 , 438-39 (5th Cir1998) where manifest injusstice has been demonstrated id. and where a miscarriage of justice has resulted for failureto apprise a defendant of elements, constituting the offense.see, e.g., US v. Abernathy, 83 F3d 17, 19 (1st Cir. 1996) failure that has been held to be an insufficient factual basis for the charge.see US. v. Gobert, 139 F3d 436 (5th Cir.1998)
And finally, the reviewing court should find that counsel failed to conduct an adequate pre-trial investigation into critical medical expert evidence for sexual abuse, where counsel failedto call a medical expert witness to testify, or at least advise him , concerning indicia of physical abuse in a child molestation case was prejudicial to petitioner and an insufficient investigation. see [Exibit A] see also, Pavel v. Hollins, 261 f3d. 210, 223 -25 (2nd Cir. 2001); Holsomback v. white, 133 F3d. 1382, 1385-89 (11th Cir.1998)(counsels failure to investigatelack of medical

evidence to support sexual abuse allegations, was ineffective assistance) Not withstanding counsels being unfamiliar with the facts, and unprepared for trial. see[ Opinion and Order, civil action number 4:17-cv-556-Y, pg6. August 15, 2018] which contributed significantly to trial counsels ineffectiveness; lack of familiarity with pertinent sexual abuse studies, and failure to conduct [a]ny relevant research "hamstrung" his effort to effectively prepare a defense. see [Opinion and orders pg. 6] see compare, Lindstadt v. keane, 239 f3d 191, 202 (2nd Cir. 2001). In conclusion, there was no sound trial strategy that would justify counsels failure to consult with or call an expert on child abuse, because failing to consult and or call such an expert, trial counsel missed a critical opportunity to damage the complainants credibility see Gersten v. Senkowski, 229 F. supp2d. 84( E.D. Ny 2004) And but for counsel deficient performance, and unprofessional errors, the result of proceedings would have been different, [s]ufficient to undermine confidence in the outcome of the proceeding. see Armstead v. Scott, 37 F3d 202 (5th Cir).[A] court is permitted to [a]nalyze prejudice from the totality(cumulative) of counsels errors and omissions. see Mak v. Blodgett, 970 F2d. 614 (9th Cir.); see also, Harris v. Senkowski, 268 F Supp. 2d. 296(E.D., N.Y. 2003) Because counsel failed to subject prosecutions case to a meaningful adversarial testing, review must be pursuant to, United States v. Cronic, 446US. 648, 659; 104 Sct. 2039(1984).

### ARGUMENTS AND AUTHORITIES FED.R.CRIM. PROC. RULE 32 (ALLOCUTION)

Also Fed. R. Crim. P. 32 (i)(4)(a) (prior to Dec. 1, 2002 Rule 32 (c)(3)(c) (Prior to Dec.1, 1994, Rule 32(a) (1)(c); see also, Green v. US. 365 US, 301, 304,-05 (1961)(Rule 32 requires courts to

afford defendant, not merely defendants counsel, opportunity to speak before imposition of sentence). IN US v. Anderson, the court held that resentencing[i]s require[d] where the trial court failed, under rule 32, to [s]pecifically address a defedant, and ask him whether he wanted to exercise(his) right to allocution, 987 F2d 251,261 (5thCir. 1993). see [states response to application for writ of habeas corpus pg. 9]. The state response, in addressing Petitioner claim that he was denied the right to allocution stated that:["a]pplicant was provided an opportunity to [plead guilty] in open court in front of ths court." It goes on to say that, "this court [i]nquired whether Applicant wanted to plead guilty in exchange for the forty year plea offer". [I]f applicant had advised this court that he did not wish to plead in exchange for the forty year plea offer. This court would not have acccepted the plea therefore, applicant(petitioner) was given his opportunity to speak. The response concluded cy stating that (petition)Applicant has failed to demonstrate that he was denied his right to speak to the court.[Id at 9] Because a court [m]ust address a defendant personally and ask him if he wishes to make a statement on his behalf, or, present [a]ny mitigating information, its failure to adhere to rule 32 requirements, mandate resentencing. see Green v. US. 365 US. 301, 304-05 (1961); US. v. Anderson, 987 F2d. 251,261 (5th Cir 1993); US. v. Li, 115 Fed 125, 130 (2nd Cir 1997); US v. Adams, 252 F3d. 276,279 (3rd. Cir 2001); US. v. Cole, 27 F3d. 996,998 (4th Cir. 1994); US v. Curtis, 237 F3d. 598, 604-05 (6th Cir.2001); US. v. Barnes, 948 F2d. 325, 329-30(7th Cir. 1991): US. v. Washington, 255 F3d 483, 487(8th Cir.2001) accord. US. v. Carper, 24F3d. 1157, 1162(9th Cir 1994).

## EVIDENTIARY HEARING REQUIRED

Petitioner is entitled to an evidentiary hearing, [a]bsent that, the allegation(s) are "palpably incredible", or patently frivolous or false". see Blackledge v. Allison, 431 US. 63, 76, 80-82 (1997), Petitioner [i]s entitled to an evidentiary hearing if the court find that Rule 11 Coloquy fails to ensurethe [v]oluntariness of his plea, see e.g., US v. White, 366 F3d. 291. 298 (4th CIr.2004). The courts failure to properly advise and appraise Petitioner of the true nature of the charge, see [States responsewith Brief in support, pg.11] renders his plea involuntary, see US. v. Punch, 709 F2d 889, 894 (5th Cir.1983)(Holding that a guilty plea is [n]ot obtained voluntarily if the defendant lacks understanding of the law, thereby making the ple void as a violation of due process) (accorded) see, DePonne, 21 F3d. at 1423 (citing Musa, 946 F2d. at 1303): US. v. Medina-Silverio, 30 F3d. 1,3-4(1st Cir. 1994); US. v. Blackwell, 199 F3d 623,625 (2nd Cir 1999); US v. Suarez, 155 F3d. 521,525(5th Cir 1998 ); Nevarez Diaz v. US. 870 F2d. 417,421 (7th Cir.1989) US v. Gigot, 147 F3d 1193,1198(10th Cir. 1998); and, US v. Dewalt 92 F3d 1209, 1212 (D.C.Cir1996).

Thus as shown in previous holdings of the US.Supreme court, Rule 11 requires a 'plea' to be [v]oluntary, see Boykin v. Ala, 395 US.238, 243(1969); Brady v. US, 397 US. 742, 750(1970): Tollet v. Henderson 411 US. 258 267(1973)(citing McMann v. Richardson, 397 US, 759, 771,(1970); [K]nowingly, see ; Brady, 397 US v.742 (1970 ); and [I]ntentionaly , (accord)see also, Bousley v. US. 523 US. 612(1998); Henderson v. Morgan 426 US.637: 97 Sct. 2253 (1976), In conclusion, the court must find that failure to [f]ully adhere

13

to the requirement(s) that Rule 11 mandates, demands that an evidentiary hearing be held to ensure the voluntariness of petitioners plea. US. V. White, 366 F3d 291 (4th Cir.); US. v. Punch, 709 F2d. 889 (5th Cir) (citing Henderson v. Morgan 426 US. 637; 96 Sct. 2253 (1976).

The court should conclude after review that, [a]ny reliance on Rule 11(h), would be an [un]reasonable application in the light of well established Supreme court precedent, see Mccarthy, 394 US 459,467(1969).

wherefore Premises considered and the due process, and due course of law provisions, under both The United States and Texas Constitutions. This Prayer is submitted by Petitioner Jose Luis Saavedra Flores; that; a hearing be set to determine the merits of Petitioners alligation(s); that; upon finding that the allegation(s) are not "palpably incredible", or,"patently frivolous or false". Comity and federal would be best served by adjudicating the claims on their merits, and disposing of the petition as law and Justice requires.

## UNSWORN DECLARATION

Under both federal(28 USCS 1746) and state law(civil practice and remedies code; 132.001-:132.004), offenders in Texas may use an 'unsworn declaration' under penalty of perjury in place of a written declaration, verification, certificate, oath or affidavit sworn before a notary public.

I, Jose Luis Saavedra Flores, do hereby declare under penalty of perjury, that the foregoing instrument are true and correct according to my understanding and beliefs.

Executed on this 29 day of January, 2024

RESPECTFULLY SUBMITTED,

/s/ Jose L Saavedra Flores
JOSE LUIS SAAVERDRA FLORES
2047453 (TDCJ-ID)
CONNALLY UNIT
899 FM 623
KENEDY, TX 78119

## CERTIFICATE OF SERVICE

I, Jose Luis Saavedra Flores, being presently incarcerated at the Connally Unit, Potter County, TX, do declare thar a true Copying of the foregoing instrument, Petition For Federal Writ of Habeas Corpus, pursuant to 28 USC 2241(a), U.S.Mail Postage Prepaid; Certified, and deposited in the Prison Mailbox on this the 29 day of January, 2024 addressed to;

U.S.DISTRICT COURT
CLERKS OFFICE
205 E. Fifth Street, Rm.133
Amarillo, texas 79101