UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSE LUIS SAAVEDRA FLORES,<br>TDCJ No. 02047453,<br><br>Petitioner,<br><br>v.<br><br>BOBBY LUMPKIN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>Respondent. | § § § § § § § § § § § § § | CIVIL NO. SA-24-CV-0115-FB |

## DISMISSAL ORDER

Before the Court is *pro se* petitioner Jose Luis Saavedra Flores's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). In this pleading, petitioner seeks to challenge the constitutionality of his 2016 state court conviction for aggravated sexual assault of a child for which he received a sentence of forty years of imprisonment. *State v. Flores*, No. 1406819D (1st Dist. Ct., Tarrant Cnty., Tex. Feb. 1, 2016). Habeas corpus relief is indeed the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). Because petitioner is now in the custody of TDCJ pursuant to the judgment of a state court, however, his request is more appropriately construed as an application for habeas corpus relief filed pursuant to 28 U.S.C. § 2254.

By filing under § 2241, petitioner appears to be trying to avoid the restrictions on filing second or successive § 2254 applications. *See* 28 U.S.C. § 2244(b). Petitioner previously filed a federal petition for writ of habeas corpus challenging this conviction which was dismissed with prejudice in August 2018. *See Flores v. Davis*, No. 4:17-cv-0556-Y (N.D. Tex.). The Fifth

Circuit Court of Appeals affirmed this decision on direct appeal. *Flores v. Davis*, No. 18-11210 (5th Cir. Oct. 17, 2019). Petitioner filed the instant pleading in February 2024 again seeking habeas relief, this time under § 2241. Before a second or successive application for writ of habeas corpus may be filed in a district court, however, § 2244(b)(3) provides an applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Pursuant to § 2244(b), the Court finds petitioner's request, which is properly construed as an application for habeas corpus relief under § 2254, is a successive application that should be dismissed because he has not obtained prior approval to file a successive habeas corpus application. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007) (holding the district court lacked jurisdiction to consider a successive § 2254 petition since petitioner did not obtain authorization from the court of appeals); *In re Campbell*, 750 F.3d 523, 529 (5th Cir. 2014) (petitioner must receive authorization before filing successive habeas petition). In other words, petitioner is not authorized to file a new action in this Court.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner Jose Luis Saavedra Flores's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed February 1, 2024 (ECF No. 1), is construed as an application for habeas corpus relief filed pursuant to 28 U.S.C. § 2254;

2. Petitioner's § 2254 application (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction;

3. Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing that this Court's procedural rulings are incorrect as

- 2 -

required by Fed. R. App. P. 22 for a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, this Court **DENIES** petitioner a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; and

4. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 7th day of February, 2024.

FRED BIERY
UNITED STATES DISTRICT JUDGE